

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 2, 1947

Hon. J. M. Faulkner,
Banking Commissioner,
Austin, Texas

Opinion No. V-445

Re:  Insured mortgage
     loans - Eligibility of
     for State banks.

Dear Sir:

Your request for an opinion by this department upon the above subject matter is accompanied by a letter from Mr. L. J. Cappleman, State Director, United States Department of Agriculture, Farmers' Home Administration, Dallas, Texas, from which we quote as follows:

"I am sending you a copy of Section 371, Title 12, United States Code, which provides for the making of insured mortgate loans through the Federal Reserve Act. . . ."

"We trust you will be able to give us your opinion within a short time and will notify the officers of the State banks of Texas concerning their eligibility, and we in turn will pass the information to our Supervisors in order that they may discuss the matter with bankers in their respective counties."

Article 342-504 (Vernon's Codification) of the Texas Banking Code defines the eligibility of real estate loans or investments for State banks. The subject securities are not there embraced.

Article 342-511 of the Code, however, is as follows:

"Any provisions of this Code to the contrary notwithstanding, any State bank may make any loan or investment which such bank could make were it operating as a national bank, and the making of such loan or investment shall not constitute

a violation of any penal provision
of the statutes of the State."

In Opinion No. 0-6809 by this Department un-
der date of September 15, 1945, addressed to Hon. H. A.
Jamison, Commissioner of Banking, this Department con-
strued the last quoted article in the following language:

"Article 342-511 above quoted
clearly deals with the subject of eli-
gible loans for investments for State
banks, and therefore is in pari materia
with the prior Articles 501, 502, 503,
504, 505 and 506 of Chapter V--all deal-
ing with the same subject, though for
the most part by negation. The common
subject to which all these Articles re-
late is eligibility of investments. Ar-
ticles 511 and 507 have nothing in com-
mon--that is to say, Article 511 does
not deal with the question of limita-
tion of liability of any one borrower,
as does Article 507."

In a later opinion, No. 0-7098 addressed to
Hon. L. S. Johnson, Banking Commissioner, this Department
again quoted - 511 and commented as follows:

"State Banks in Texas have only
the powers conferred upon them by the
statutes of the State and the charters
under which they act, and have no pow-
ers beyond this from any other govern-
ment or source. The Code is a compre-
hensive one and covers the whole field
of the operation of such banks. It is
familiar law in statutory construction
that such a code should be construed
in its entirety, as a whole, giving ef-
fect to every portion thereof as an in-
tegral part of the law governing the
particular inquiry. Article 4 would,
if standing alone, exclude the charac-
ter of investments permitted by Article
11. But it does not stand alone; on
the contrary, Article 11 is as much a
part of the law as any other part of
the Code and is to be read in connec-
tion with Article 4 as though the same
had been actually incorporated in that

Article as, indeed it is, a proviso."

Such farm mortgage insurance loans are eligible for national banks as we understand it.

From what we have said it follows that the insured mortgage loans of Section 371, Title 12, United States Code, are eligible investments for Texas State banks.

## SUMMARY

Insured mortgage loans authorized by Section 371, Title 12, United States Code, are eligible for loans for investment by Texas State Banks in virtue of Article 11, Chapter V, of the Texas Banking Code.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS:wb

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL